UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SUPPLEMENTAL NUTRITION ASSISTANCE  　　　　　　　　　MDL No. 3041
PROGRAM LITIGATION

ORDER DENYING TRANSFER

**Before the Panel:**[*] Plaintiffs in the five actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the District of the District of Columbia. The actions allege that the U.S. Department of Agriculture Food and Nutrition Service unlawfully has disqualified various stores from the Supplemental Nutrition Assistance Program ("SNAP"), a program that provides nutrition benefits to low-income individuals and families that are used at stores to purchase food. Defendant United States opposes centralization.

On the basis of the papers filed,[1] we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. The principal common questions in this litigation are legal rather than factual – specifically, (1) whether the deciding officials are "Officers of the United States" under the Appointments Clause of the Constitution; and (2) whether the disqualification system comports with due process. Common legal questions are insufficient to satisfy Section 1407's requirement of common factual questions. *See, e.g., In re ABA Law School Accreditation Litig*., 325 F. Supp. 3d 1377, 1378 (J.P.M.L. 2018) (denying centralization of three actions bringing nearly identical legal challenges to certain ABA standards governing law school accreditation); *In re SFPP, LP., R.R. Prop. Rights Litig*., 121 F. Supp. 3d 1360, 1361 (J.P.M.L. 2015) (denying centralization of three actions where the "key issue" in the litigation was "legal in nature" – there, the scope of a railroad's property rights under Congressional land grants). Although movant seeks efficiencies through centralized treatment of these legal questions, "[m]erely to avoid two federal courts having to decide the same issue is, by itself, usually not sufficient to justify Section 1407 centralization." *In re Medi-Cal Reimbursement Rate Reduction Litig.*, 652 F. Supp. 2d 1378, 1378 (J.P.M.L. 2009).

In contrast to these overarching legal questions, the factual questions presented in these actions are largely store-specific – that is, whether there was sufficient evidence to support the disqualification of each of the various stores from participating in SNAP. There are no efficiencies to be gained from centralization of discovery on these store-specific issues.

---

[*] Judge Roger T. Benitez did not participate in the decision of this matter.

[1] The Panel previously determined that the facts and legal arguments were adequately presented in the briefing and dispensed with oral argument in this matter under Panel Rule 11.1(c). *See* Order Dispensing with Oral Argument, MDL No. 3041, Doc. No. 24 (J.P.M.L. July 8, 2022).

The circumstances of this litigation indicate that, if any overlapping discovery does arise, voluntary coordination will provide a practicable alternative to centralization. There are only five pending actions in this litigation and three involved districts. Plaintiffs in all actions are represented by the same counsel, and they bring their actions against the same defendant – the United States – which is well-situated to facilitate any necessary coordination across the actions.

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
David C. Norton            Dale A. Kimball
Madeline Cox Arleo

IN RE: SUPPLEMENTAL NUTRITION ASSISTANCE                MDL No. 3041
PROGRAM LITIGATION

## SCHEDULE A

<u>Central District of California</u>

MARTINEZ, ET AL. v. UNITED STATES OF AMERICA, C.A. No. 5:21−01940

<u>District of District of Columbia</u>

ABDULLAH, ET AL. v. UNITED STATES OF AMERICA, ET AL., C.A. No. 1:22−00029
KAHN, ET AL. v. UNITED STATES OF AMERICA, ET AL., C.A. No. 1:22−00071
ZATARAH, ET AL. v. UNITED STATES OF AMERICA, ET AL., C.A. No. 1:22−00703

<u>Southern District of Indiana</u>

SAID v. UNITED STATES OF AMERICA, C.A. No. 1:21−01385